IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA MARIE HUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-02653-E (BT) |
| | § | |
| PATRICK SCOTT HUNTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Linda Marie Hunter moves to remand this domestication proceeding to state court. *See generally* Mot. (ECF No. 5). But a proceeding to domesticate a foreign judgment under the Uniform Enforcement of Foreign Judgments Act (UEFJA) likely is not a removable civil action within the meaning of 28 U.S.C. § 1441. And even if it is removable, Defendant Patrick Scott Hunter did not timely remove the proceeding after Plaintiff filed her foreign judgment in state court, nor has Defendant shown bad faith sufficient to excuse the untimely removal. Thus, the District Judge should **GRANT** Plaintiff's Motion in part and **REMAND** the proceeding to state court. The District Judge should **DENY** Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c).

***Background***

Plaintiff and Defendant married in 1988 and separated in 2016. Am. Not. of Removal at 14 (ECF No. 18-3). The parties received a Final Divorce Order from the

Superior Court of Washington, Pierce County, in May 2017. *Id.* at 8–16. Among other things, the Order awarded Plaintiff spousal maintenance of $900 per month beginning in June 2017 and continuing through July 2027 (the "Foreign Judgment"). *Id.* at 10, 15. The Foreign Judgment also required Defendant to pay Plaintiff $11,767.20 in unpaid spousal maintenance and $8,310.00 in attorney's fees. *Id.* at 9, 11.

After Defendant moved to Texas, Plaintiff sought to domesticate the Foreign Judgment under Texas's UEFJA. Def.'s Br. at 2 (ECF No. 8). Plaintiff filed and served her Notice of Filing Foreign Judgment (the "Notice") in Dallas County District Court in September 2023, and Defendant successfully moved to transfer the case to the Dallas County Family District Court on June 3, 2024. Am. Not. of Removal at 27–29 (Plaintiff's Notice), 67–69 (Defendant's motion to transfer to Family District Court), 77 (District Court for Dallas County's order transferring and referring case to Family District Court).

Defendant then moved to dismiss Plaintiff's effort to domesticate the Foreign Judgment, arguing that Plaintiff "impermissibly accelerated the amounts due and owing under the [Foreign Judgment]." Def.'s Br. at 2; *see also* Am. Not. of Removal at 321–24 (Defendant's motion to dismiss). The Dallas County Family Court denied Defendant's motion on September 23, 2024, *see* Am. Not. of Removal at 359, and Defendant filed his Notice of Removal twenty-nine days later—on October 22, 2024, *see* Not. of Removal (ECF No. 1). Plaintiff moved to remand the next month. Mot.

## ***Legal Standard***

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, a court "must presume" a suit lies outside its limited grant of jurisdiction, and the burden of establishing jurisdiction lies with the party seeking to invoke the federal forum. *Howery v. Allstate*, 243 F.3d 912, 916 (5th Cir. 2001).

Unless otherwise provided by statute, federal courts only have jurisdiction over cases involving (1) a federal question arising under the Constitution, a federal law, or a treaty, or (2) where there exists complete diversity of citizenship between adverse parties, and the case satisfies the amount in controversy. *See* 28 U.S.C. §§ 1331, 1332. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *Id.* § 1332(a).

A defendant may remove a state-court action to federal court if the action could have been brought originally in federal court. *Id.* § 1441(a). Since removal implicates significant federalism concerns, courts strictly construe the removal statute and resolve any doubts as to the propriety of removal in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

## *Analysis*

Plaintiff advances two principal arguments for remand. *See generally* Mot. First, she contends that a proceeding to domesticate a foreign judgment under the UEFJA is not a removable civil action within the meaning of 28 U.S.C. § 1441. Pl.'s Br. at 7–8 (ECF No. 6). Second, she argues that, even if this proceeding is removable, Defendant failed to remove it within the time prescribed by 28 U.S.C. § 1446. *Id.* at 5–6.

A. <u>The UEFJA domestication proceeding is likely not a removable civil action.</u>

Although the Fifth Circuit has not addressed whether a proceeding to domesticate a foreign judgment under the UEFJA is removable, other courts have concluded that such proceedings are enforcement proceedings rather than independent civil actions subject to removal. *See Cadle Co. II Inc. v. Sunrise Ptrs. II, S.E.*, 802 F. Supp. 3d 342, 350 (D.P.R. 2025) ("The domestication proceeding is thus not removable to any federal court, and the best course of action is to remand the case to Florida State Court."); *see also Czymmek v. Fenstermaker*, 2024 WL 246438, at *5 (S.D.N.Y. Jan. 23, 2024) ("If the domestication of a foreign judgment were removable, then, as a practical matter, the federal courts 'would become invested with power to control the proceedings in the State courts, or would have appellate jurisdiction over them in all cases where the parties are citizens of different states.'"); *see also Atl. Wave Holdings, LLC v. Cyberlux Corp.*, 2025 WL 923529, at *4 (S.D. Cal. Mar. 26, 2025) ("[B]ecause this domestication proceeding is not a removable 'civil action' within the meaning of 28 U.S.C. § 1441,

this Court lacks subject matter jurisdiction.") (citing *DeMartini v. DeMartini*, 2024 WL 1908080, at *4 (E.D. Cal. May 1, 2024) (holding California statute allowing judgment creditor to bring supplementary proceedings to satisfy a sister state judgment was not a "civil action" under § 1441)).

Texas authorities likewise characterize proceedings under the UEFJA as mechanisms for enforcing existing judgments rather than initiating new causes of action. *See Armtech Ins. Servs., Inc. v. Ga. Farm Servs., LLC*, 2008 WL 11429744, at *3 (N.D. Tex. Dec. 19, 2008) (Cummings, J.) ("The primary purpose of filing a foreign judgment for domestication is enforcement."); *see also Optimation, Inc. v. Hilder*, 2008 WL 11333906, at *2 (W.D. Tex. July 30, 2008) ("The foreign judgment, once domesticated, does not mark the commencement of a new cause of action[.]"); *see also Siddiqui v. NextGear Cap., Inc.*, 655 S.W.3d 654, 656 (Tex. App.—Amarillo 2022, no pet.) ("[T]he [UEFJA] is actually an enforcement statute."). These authorities support the conclusion that Plaintiff's proceeding did not commence a new civil action capable of removal under § 1441.

The nature of the proceeding also counsels against removal. Federal courts generally lack jurisdiction to issue or modify divorce and alimony decrees under the domestic-relations doctrine. *See Saloom v. Tex. Dep't of Fam. and Protective Servs.*, 578 F. App'x 426, 430 (5th Cir. 2014) (per curiam) (explaining that the domestic relations doctrine prevents federal courts from issuing or modifying a divorce or alimony decree); *see also Durbois v. Deutsche Bank Nat'l Trust Co.*, 37 F.4th 1053, 1060 (5th Cir. 2022) ; *see also Ex parte Burrus*, 136 U.S. 586, 593–94

(1890) ("The whole subject of the domestic relations of husband and wife . . . belongs to the laws of the states, and not to the laws of the Unites States."); *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983) ("[I]ssues of domestic relations are the province of state courts[.]").

Accordingly, it is likely that Plaintiff's UEFJA domestication proceeding is not a removable civil action under § 1441.

B. <u>Even if the proceeding was removable, Defendant failed to timely remove it.</u>

Under 28 U.S.C. § 1446(b)(1), a defendant generally must file a notice of removal within thirty days after receiving the initial pleading or other document from which removability may be ascertained. Here, Plaintiff filed her Notice with the Dallas County District Court in September 2023. The Notice, which stated that Defendant owed Plaintiff $162,206.64, supplied the information necessary to determine that the amount in controversy exceeded $75,000. Defendant nevertheless waited until October 22, 2024—more than one year after the Notice was filed—to remove the proceeding.

Defendant contends that the amount in controversy did not become sufficiently apparent until the state court denied his motion to dismiss on September 23, 2024. Hearing Tr. at 8. He therefore characterizes that ruling as an "other paper" that triggered a new thirty-day removal period. Def.'s Br. at 1. However, the Fifth Circuit has explained that the "other paper" requirement rests on "a voluntary act by the plaintiff." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (emphasis in original); *see also Daneshjou Fam. Ltd.*

*P'ship v. VSD Trust 2016-1*, 2023 WL 3765550, at *2 (W.D. Tex. May 4, 2023) (explaining that "other paper" has been interpreted to include deposition transcripts, answers to interrogatories, and correspondence between opposing counsel"). The "other paper" must "give[ ] the defendant notice of the changed circumstances which now support federal jurisdiction." *Shipman v. Mountain Lake Risk Retention Grp., Inc.*, 2023 WL 8664677, at *5 (E.D. La. Dec. 15, 2023) (quoting *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)).

The state court's denial of Defendant's motion to dismiss was neither a voluntary act by Plaintiff, nor did it result in any "changed circumstances" giving rise to federal jurisdiction. *See Shipman*, 2023 WL 8664677, at *5 (holding that a notice of dismissal did not constitute "other paper" because the dismissal did not result in federal jurisdiction). Defendant cites no authority holding that a state court's denial of a motion to dismiss constitutes "other paper" which restarts the removal period. Indeed, Defendant's counsel admitted that he was unaware of any such authority. Hearing Tr. at 8.

The amount in controversy was apparent from Plaintiff's Notice. "[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). And "[t]he amount in controversy is 'not proof of the amount the plaintiff will recover' but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Durbois*, 37 F.4th at 1057 (quoting *McPhail v. Deere &*

*Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Plaintiff's Notice clearly stated that Defendant owed her $162,206.64—well above the jurisdictional threshold. *See* Am. Not. of Removal at 27. And Defendant's counsel acknowledged at the hearing that the state court documents an amount owed of approximately $162,000. Hearing Tr. at 6. The state court's ruling did not restart or otherwise extend the removal period. Therefore, Defendant's October 22, 2024 removal was untimely.

D. Defendant Has Not Established Bad Faith Sufficient to Excuse the Untimely Removal.

Defendant alternatively argues that Plaintiff acted in bad faith by asserting an amount exceeding $75,000 that, according to Defendant, was not legally recoverable. Specifically, Defendant contends that Plaintiff improperly accelerated future spousal-maintenance payments and that her affidavit accompanying the Notice did not comply with the UEFJA. Def.'s Br. at 4–10.

Section 1446(c)(1) generally imposes a one-year limitation on removal in diversity cases, subject to an exception where the district court finds that the plaintiff acted in bad faith to prevent the defendant from removing the action. 28 U.S.C. § 1446(c)(1). The burden of establishing bad faith rests with the removing defendant. *See Boney v. Lowe's Home Ctrs. LLC*, 2019 WL 5579206, at *1 (N.D. Tex. Oct. 29, 2019) (Scholer, J.). "[A] determination of bad faith is subject to a high burden, and courts are reluctant to find a party acted in bad faith without clear and convincing proof." *Id.* at *2 (cleaned up). Although the Fifth Circuit has not announced a standard for determining bad faith, "courts in the Fifth Circuit have

focused their inquiry on whether the plaintiff's conduct indicates manipulation of the removal statute." *Id.* (collecting cases). In other words, the inquiry is whether a party's behavior represents a transparent attempt to avoid federal jurisdiction. *See Boney*, 2019 WL 5579206; *see also Howard v. Winn-Dixie Montgomery, LLC, 2023 WL 8065017 at *2 (E.D. La. Nov. 21, 2023)*; *see also Sosa v. CT Rest., LP*, 2023 WL 8000317, at *2 (S.D. Tex. Apr. 13, 2023), *adopted by* 2023 WL 3167432 (S.D. Tex. Apr. 28, 2023). Defendant has not made such a showing.

Defendant contends that Plaintiff acted in bad faith by asserting that she was owed $162,206.64 because, in his view, Plaintiff improperly accelerated spousal-maintenance payments without first obtaining a separate determination of arrearages. Def.'s Br. at 1, 4-5, 8-10. However, Defendant provides no basis for concluding that Texas law requires Plaintiff to confirm the divorce order through the arrearages process prior to domesticating the judgment. Defendant cites to *Gesswein* for the proposition that Plaintiff "did not file a foreign judgment confirming [Defendant] owes [Plaintiff] the spousal maintenance arrearages alleged in the [Notice]," Def.'s Br. at 3–4, but *Gesswein* addressed the defendant's challenge to personal jurisdiction and service; the opinion does not mention arrearages. *Gesswein v. Gesswein*, 566 S.W.3d 34, 39–40 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied). *Gesswein* does not support Defendant's position. *See id.*

Defendant also cites no authority, and the Court has not located any, requiring the Notice to "exactly mirror" the Foreign Judgment. In any event, the

Notice states that the Foreign Judgment required Defendant to pay $900.00 in spousal support every month until July 2027. *See* Am. Not. of Removal at 27. And Plaintiff filed an authenticated copy of the Foreign Judgment in Texas state court. *Id.* at 8.

Although Defendant raises concerns about an "acceleration" of spousal support payments, Texas law protects Defendant from this outcome. Tex. Civ. Prac. & Rem. Code § 35.003(c) ("A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed."); Tex. Fam. Code § 8.059(a-1) (providing that a court may enforce "an agreement for periodic payments of spousal maintenance . . . voluntarily entered into between the parties and approved by the court"). Thus, Defendant's substantive objections to Plaintiff's calculation do not establish that Plaintiff manipulated the removal process or acted in bad faith to prevent removal.

Next, Defendant contends that Plaintiff acted in bad faith because the affidavit attached to the Notice did not comply with the UEJFA. Def.'s Br. at 8–10. Specifically, Defendant states that the affidavit fails to "illustrate that the facts contained [in the affidavit] reflect the affiant's personal knowledge[ ] and are true." *Id.* at 9. Due to this deficiency, Defendant argues that the state court improperly domesticated the Foreign Judgment, and the Foreign Judgment does not constitute a valid final judgment. *Id.* at 7.

Defendant cites to *Siddiqui* to support the proposition that "[c]ompliance with the components of the [UEFJA] are essential to having a valid Texas judgment." Def.'s Br. at 8, ¶ 25 (quoting *Siddiqui*, 655 S.W.3d at 657). However, *Siddiqui* involved a restricted appeal where the appellant "did not receive notice of [domestication] efforts until after the domesticated document was formally abstracted." 655 S.W.3d at 655. This case is distinguishable from *Siddiqui* because Defendant received Plaintiff's Notice and participated in the underlying state court proceedings.

*Jariwala v. All Am. Bank* is more analogous. 2020 WL 3248480 (Tex. App.—Dallas June 16, 2020, pet. denied) (mem. op.) In *Jariwala*, the appellant argued that "the trial court erred in entering judgment because appellee failed to fulfill the affidavit and notice requirements of the UEFJA[.]" *Id.* at *1. The court explains that "[a]t the time a foreign judgment is filed, the judgment creditor or its attorney must file with the clerk of the court an affidavit showing its address and the name and last known post office address of the judgment debtor." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 35.004(a)). The appellant argued that the affidavit was fatally defective because "the affiant did not swear that the facts presented in the affidavit reflect[ed] his personal knowledge or otherwise provide[d] any basis to demonstrate his personal knowledge." *Id.* at *2. The Court found that the district court did not err in entering judgment because the appellant could not "demonstrate any injury from an alleged deficiency in appellee's affidavit." *Id.* at *2 (collecting cases finding that a technical failure to comply with the UEFJA is

harmless absent proof of injury). In reaching this determination, the court noted that the appellant received notice of the filing of the judgment, appeared in the action, and challenged the judgment. *Id.*

The circumstances here are similar. Defendant has not shown that he suffered any injury because of the affidavit's purported technical error. Indeed, Defendant received Plaintiff's Notice, appeared in the underlying state court proceedings, moved for a protective order in response to Plaintiff's post-judgment discovery requests, and challenged the domestication of the Foreign Judgment by filing a motion to dismiss. *See* Am. Not. of Removal at 81–83 (Defendant's motion for protective order from discovery), 321–24 (Defendant's motion to dismiss).

Furthermore, a Texas court recently held an affidavit in connection with the UEFJA "contains no express personal-knowledge requirement[.]" *Zemonek v. Aptive Env't LLC*, 2026 WL 2318375, at *3 (Tex. App.—Corpus Christi Aug. 11, 2026, no pet. h.). Thus, the purported technical defect in Plaintiff's affidavit neither indicates bad faith nor excuses Defendant's untimely removal.

Finally, the record does not contain clear and convincing evidence that Plaintiff acted to prevent Defendant from removing this matter. Plaintiff's Notice expressly stated an amount exceeding $75,000, and nothing in the record indicates that she subsequently altered that position to defeat federal jurisdiction.

The procedural history further undermines Defendant's bad-faith argument. After Plaintiff filed the Notice, Defendant sought to transfer the proceeding to the Dallas County Family District Court, moved for a protective order, and filed a

motion to dismiss. He did not seek removal until after the state court denied his motion to dismiss. *See Boney*, 2019 WL 5579206, at *2 (considering the defendant's failure to take steps to determine the amount in controversy in evaluating bad faith).

The record therefore does not establish the requisite bad faith under § 1446(c)(1).

***Attorney's Fees***

Plaintiff also seeks attorney's fees and costs incurred as a result of the removal. Under 28 U.S.C. § 1447(c), an order remanding a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." But an award is not automatic. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

The Supreme Court has explained that, absent unusual circumstances, fees generally should be awarded only when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The relevant inquiry is whether the defendant had objectively reasonable grounds to believe removal was legally proper at the time of removal, regardless of whether removal ultimately proves improper. *Woolslayer v. Lee C. Moore, Inc.*, 2019 WL 7283791, at *6 (N.D. Tex. Dec. 27, 2019) (Lindsay, J.) (quoting *Valdes*, 199 F.3d at 293).

Here, Defendant had an objectively reasonable basis for seeking removal. The law regarding the removability of UEFJA domestication proceedings is

unsettled, and the Fifth Circuit has not addressed the issue. *See Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 873 (N.D. Tex. 2017) (denying request for attorney's fees because case law on specific topic was unsettled).

Moreover, Defendant removed the case within 30 days of the event Defendant believed triggered the removal period. *See Crosstex LIG, LLC v. BG Energy Merchants, LLC*, 2011 WL 4368002, at *2 (N.D. Tex. Sept. 16, 2011) (Boyle, J.) (declining to award attorney's fees even though the court disagreed with defendant's arguments). Thus, Plaintiff's request for attorney's fees should be **DENIED**.

***Recommendation***

For the foregoing reasons, the District Judge should **GRANT** in part Plaintiff's Motion to Remand (ECF No. 5) and **REMAND** this case to the state court from which it was removed. The District Judge should **DENY** Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c).

**SO RECOMMENDED.**

September 18, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).